### LIBERTY PETROLEUM CO. v. CALIFORNIA CO.

#### No. 2103.

Circuit Court of Appeals, Tenth Circuit.

Oct. 15, 1940.

. E. B. Evans, of Denver, Colo. (A. D. Quaintance, of Denver, Colo., and James

A. Greenwood, of Cheyenne, Wyo., on the brief), for appellant.

Karl F. Crass, of Denver, Colo. (Elmer L. Brock, John P. Akolt, E. R. Campbell, and Milton Smith, all of Denver, Colo., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

The California Company, a corporation, filed suit against the Liberty Petroleum Company, a corporation, in the District Court of the United States for the District of Colorado. The complaint contained two counts. The first count alleged that between August 25, 1937, and November 3, 1938, plaintiff sold to the defendant goods, wares and merchandise of the reasonable value of $141,759.81, and rented defendant lubricating equipment of the reasonable rental value of $4; that defendant paid thereon the sum of $122,545.14; that there was a balance due of $19,218.67, together with six per cent interest from November 3, 1938; that although often requested to do so, defendant failed, neglected and refused to pay this balance. In its second count plaintiff alleged that it had sold these goods and rented the equipment to defendant and it had agreed to pay therefor respectively the sums of $141,759.81 and $4.

The basis of plaintiff's suit is a written contract executed by the parties August 4, 1937. In this contract plaintiff is designated as seller and defendant as buyer. The contract provides that the seller sells and the buyer buys from the seller all of its requirements of gasoline used or sold or bought to be used, or sold by the buyer in the conduct of its business in a designated area; that the term of the contract shall be for one year commencing August 15, 1937, and ending August 14, 1938, and from year to year thereafter until and unless terminated by either party on the next mentioned date or at any succeeding anniversary thereof, by giving written notice as provided for in the contract. The terms of payment are cash on delivery, except at seller's option. The contract contains appropriate provisions dealing with all phases of the relationship established thereby.

The Liberty Petroleum Company filed its answer and cross petition. The cross petition was dismissed without prejudice and need not be further considered. In its answer defendant admitted the receipt of the goods to the amount of $141,759.81 and the rental of the equipment to the value of $4.00. It admitted the payment of $122,545.14 and that the sum sued for was owing.

The defense asserted in the answer was that on August 4, 1937, plaintiff and defendant entered into a verbal agreement of which the written contract of the same date formed a part, and covering the same subject matter dealt with in the written contract; that the period of time covered by the verbal agreement was six years beginning August 4, 1937. It is alleged that in this verbal agreement plaintiff agreed to extend defendant a credit to August 4, 1943, greater in amount than the credits to which similar buyers would be entitled under like circumstances; that by reason thereof the amount sued for by plaintiff was not due until August 4, 1943.

A motion was filed by plaintiff for judgment on the pleadings. The motion was sustained and judgment was entered in favor of plaintiff and against defendant for the amount prayed for. From this judgment an appeal has been taken to this court. The parties will be referred to as they appeared in the court below.

It is a fundamental, elementary principle of law, which needs no citation of authorities, that a contemporaneous parol agreement may not be asserted to vary or contradict the express provisions of a written contract. Here it stands admitted by the answer that the written contract of August 4 was executed. It provided that payments should be cash. The answer admits the receipt of the goods; that the amount for which judgment is prayed is owing; but claims that it is not due and payable because in a parol agreement of the same date with the written contract it was agreed that a credit of six years was to be extended. Such a contract, if permitted, would nullify one of the express provisions of the written contract. An answer based on such a claim does not, as a matter of law, state a defense.

It is also asserted that, if plaintiff was entitled to demand cash payment under the contract, by its conduct it waived this right. This defense was not asserted in the answer and may not now be advanced for the first time as grounds for reversal. We find no error in the record.

The judgment is affirmed.